**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| In re: ROSE ROMANO, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | CAUSE NO.: 2:14-CV-406-TLS |
| | ) | |
| STUART K. JONES, | ) | Bankr. Case No. 07-23061 |
| | ) | Chapter 7 |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH A. MANNING, Chapter 7 | ) | |
| Trustee, | ) | |
| | ) | |
| Appellee. | ) | |

## OPINION AND ORDER

This case is an appeal from two orders issued by the United States Bankruptcy Court. On July 17, 2014, Judge J. Philip Klingeberger denied attorney Stuart K. Jones's application for post facto appointment as special counsel for debtor Rose Romano. That same day, Judge Klingeberger also denied Jones's motion that sought an award of administrative fees/expenses Jones incurred while representing the debtor in her employment discrimination suit before the United States District Court, as well as in subsequent bankruptcy proceedings related to the employment discrimination suit. Jones, the Appellant, argues that the bankruptcy court erred by (1) denying his application, and (2) denying his motion. The Court will affirm both orders issued by the bankruptcy court.

# BACKGROUND[1]

On November 8, 2007, Rose Romano voluntarily filed a Chapter 7 bankruptcy petition. The Schedules and the Statement of Financial Affairs contained no reference to any potential or filed legal action. The bankruptcy case proceeded in an ordinary manner, and on April 3, 2008, Kenneth A. Manning, the trustee of Rose Romano's Chapter 7 bankruptcy estate, filed a "no asset report." (R. at 237.) On May 7, 2008, an order was entered that closed the bankruptcy estate; however, the debtor's noncompliance with 11 U.S.C. § 727(a)(11) meant the case was closed without an entry of the discharge. On May 8, 2008, the case was reopened to provide Romano with an opportunity to comply with § 727. That same day, Romano complied and an order of discharge of the debtor was entered. On May 9, 2008, the case was again closed.

Contrary to earlier assertions that Romano had no nonexempt assets, Romano was the plaintiff in an employment discrimination action, in which she alleged that her employer, the City of Hammond Police Department, violated the Americans with Disabilities Act. Romano filed this lawsuit on October 11, 2006, in the United States District Court for the Northern District of Indiana under cause number 2:06-CV-342-JVB. Beginning in April 2009, Stuart K. Jones represented Romano in her employment discrimination action. According to Jones, Romano "told [him] that she had filed bankruptcy" when he was retained, but Jones "soon dismissed this fact from memory" because "[Romano] stated that the case had been closed in 2008." (R. at 102–03.) Further, Jones stated that "[he] did not know that she had not listed the case in her bankruptcy case, or that bankruptcy law required that she do so, so [he] assumed that her claim of discrimination was a garden variety case." (R. at 103.)

---

[1] Both parties adopted the bankruptcy court's summary of the procedural history, as presented in its July 17, 2014 order, as their statement of the case. Accordingly, the Court largely adopts that summary.

In June 2011, Jones consulted an attorney to serve as his co-counsel for the impending trial. This attorney informed Jones that Romano had not listed her employment discrimination action in the bankruptcy documents, which created litigation risks. Subsequently, Jones contacted Romano's bankruptcy counsel, Richard P. Busse. Jones also contacted Romano and advised her to reopen her bankruptcy case. On June 21, 2011, Busse filed a motion to reopen the bankruptcy case "for the limited purpose" of allowing Romano "to amend Form 7, Statement of Financial Affairs." (R. at 238.) Specifically, Busse sought to amend the Statement of Financial Affairs by adding "a lawsuit initiated before the filing of [the bankruptcy case]" that was "unintentionally omitted from the schedule." (R. at 238.) On July 26, 2011, Busse filed the Amended Statement of Financial Affairs that added the omitted litigation. Following a hearing, the bankruptcy court granted Busse's motion to reopen the case on August 16, 2011. On August 25, 2011, Manning filed a motion to employ the law firm of Manning & Gonzalez, P.C., as counsel for himself and the bankruptcy estate, which was granted the same day.

Manning intervened in Romano's federal district court employment discrimination action as the real party in interest.[2] On October 13, 2011, Manning filed his Trustee's Motion to Settle and Compromise Claim in Favor of Estate. In the Motion, Manning informed the bankruptcy court that Romano was a plaintiff in an employment discrimination action pending in federal district court when she filed her Chapter 7 case. Manning stated that he had reviewed the record in the employment discrimination action and discussed the merits of the case with Romano's counsel (Jones) and defense counsel. In light of the litigation risks, and considering the best

---

[2] Jones objected to this intervention to the extent that Manning was the real party in interest regarding Romano's claim for reinstatement in her employment discrimination action. This led to extensive proceedings.

interests of the estate, creditors, and all parties in interest, Manning fully settled and compromised Romano's employment discrimination action in exchange for $15,000.

In response to Manning's Motion requesting the bankruptcy court to approve the settlement, Romano (through Jones) objected to the settlement. This led to extensive proceedings, in which Jones argued that the settlement and compromise grossly undervalued Romano's claims and should be denied. The bankruptcy court's ruling on the settlement was postponed because Jones also filed a motion, on Romano's behalf, arguing that Manning should abandon the reinstatement claim raised in Romano's employment discrimination action, which would permit that case to remain pending in the federal district court. On February 14, 2013, the bankruptcy court denied this motion, and Jones filed both an interlocutory appeal to the Seventh Circuit and a motion for reconsideration, both of which were denied. Following this, on June 26, 2013, Romano withdrew her objection to the settlement and compromise. Romano's motion also stated Jones's intention to file a subsequent motion to obtain reimbursement of his attorney's fees and administrative expenses. On July 8, 2013, the bankruptcy court accepted the withdrawal of the objection and approved the settlement and compromise.

On November 1, 2013, Jones filed an Application for *Post Facto* Appointment of Stuart Jones as Special Counsel for Debtor Rose Romano, which stated that he was acting pursuant to 11 U.S.C. § 327(a)[3] and Federal Rule of Bankruptcy Procedure 2014(a).[4] That same day, Jones also filed a Motion for Award of Administrative Fees/Expenses Incurred by Counsel During

---

[3] This statute provides that "[e]xcept as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

[4] Under Rule 2014(a), "[a]n order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee."

Representation of Debtor in her Discrimination Suit in District Court, and in Subsequent Related Bankruptcy Proceedings. In this Motion, Jones stated that he was acting pursuant to 11 U.S.C. §§ 330(a) and 503. In separate orders issued on July 17, 2014, the bankruptcy court denied Jones's Application and Motion, and entered judgment on each order. On July 31, 2014, Jones filed a Notice of Appeal seeking review of those two orders. Due to clerical issues related to the docketing of the Record on Appeal and delivery of filing notices, which this Court addressed in more detail in an Order issued on January 5, 2015, it reset the briefing schedule. Jones and Manning have each filed their briefs addressing the Application and the Motion.

## STANDARD OF REVIEW

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1), which gives district courts jurisdiction to hear appeals from final judgements, orders, and decrees of bankruptcy courts. The Court reviews the bankruptcy court's determinations of law de novo and its findings of fact for clear error, but on issues that the Bankruptcy Code has committed to the discretion of the bankruptcy court, the Court reviews such decisions only for an abuse of discretion. *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009). A court "'abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied.'" *Id.* (quoting *Corp. Assets, Inc. v. Paloian*, 368 F.3d 761, 767 (7th Cir. 2004)).

The parties agree that whether 11 U.S.C. § 327(a) "permits the *post facto* authorization of professional services at all" is "a matter of statutory construction" reviewed de novo. *In re Jarvis*, 53 F.3d 416, 419 (1st Cir. 1995); *see also Lamie v. U.S. Trustee*, 540 U.S. 526, 533–39

(2004) (applying statutory interpretation to determine whether a debtor's attorney in a Chapter 7 proceeding is entitled to fees for services where that attorney is not authorized under § 327). Nevertheless, a bankruptcy court's denial of an application to appoint a professional post facto is reviewed for abuse of discretion. *See In re Singson*, 41 F.3d 316, 320 (7th Cir. 1994); *In re Land*, 943 F.2d 1265, 1266 (10th Cir. 1991) ("The bankruptcy court's denial of a motion for [post facto] approval of an application for the employment of a professional will not be disturbed absent an abuse of the bankruptcy court's discretion."); *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 103 (3d Cir. 1988). The Court also applies the abuse of discretion standard when reviewing an award or denial of attorney's fees under 11 U.S.C. § 330, *In re Taxman Clothing, Co.*, 49 F.3d 310, 314 (7th Cir. 1995), or professional fees under 11 U.S.C. § 503; *Brill v. Brill Media Co.*, Nos. 3:10-cv-0100-RLY-WGH, 02-70079-BHL-11, 2011 WL 1113548, at *1 (S.D. Ind. Mar. 24, 2011).

## DISCUSSION

The two bankruptcy court orders that Jones appeals turn on the interpretation of 11 U.S.C. § 327. First, the bankruptcy court denied the Application for *Post Facto* Appointment of Stuart Jones as Special Counsel for Debtor Rose Romano because it found

> no provision of the Bankruptcy Code or of the Federal Rules of Bankruptcy Procedure which allows or authorizes the appointment of an attorney to act on behalf of either the Trustee or the Chapter 7 bankruptcy estate without the direct request for such appointment by a bankruptcy Trustee or the consent of a bankruptcy Trustee to another entity's request for such appointment.

(R. at 232.) At the outset, the bankruptcy court stated that it construed Jones's Application as seeking "appointment as special counsel on behalf of the debtor's bankruptcy estate," as no

appointment is required for Jones to act as the debtor's counsel.[5] (R. at 231.) In this context, the

bankruptcy court quoted §§ 327(a) and (e), and stated that because Manning did not request or

consent to Jones's appointment to act on behalf of the bankruptcy estate, those statutory

provisions precluded the bankruptcy court from appointing Jones as special counsel. Therefore,

the bankruptcy court denied Jones's Application "to the extent [it] seeks an appointment as

counsel other than for the debtor Rose Romano personally, a role which requires no appointment

by the court." (R. at 232.)

Second, the bankruptcy court denied the Motion for Award of Administrative

Fees/Expenses Incurred by Counsel During Representation of Debtor in her Discrimination Suit

in District Court, and in Subsequent Related Bankruptcy Proceedings.[6] After clarifying that "any

---

[5] The bankruptcy court likely added this clarifying language because, in addition to the Application's title, Jones's briefing repeatedly referenced his work in terms of assisting Romano, rather than acting on behalf of the bankruptcy estate. For example, the stated purpose of Jones's Application was for "appointment by this court as special counsel for Ms. Romano in connection with her discrimination lawsuit against the City of Hammond." (R. at 96; *see also* R. at 97 ("Romano's counsel, Mr. Jones, seeks to recover attorney's fees, on a pro-rated basis, and actual, necessary, out-of-pocket expenses relating his [sic] representation of her in her disability discrimination lawsuit filed in the U.S. District Court in 2006.").) In the alternative, Jones's Application stated that "[e]ven if the court denies Mr. Jones' application for *post facto* appointment as counsel for Ms. Romano before the district court, he seeks compensation under Sections 530 and/or 330, on a prorated basis, for his representation of her before the bankruptcy court. His employment contract with her does not include payment for his representation of her before the bankruptcy court, and she has not paid him for those services." (R. at 100 (internal citation omitted); *see also* R. at 101 ("WHEREFORE, Mr. Jones requests that this court, pursuant to Section 327(a) of the Bankruptcy Code, appoint him, *post facto*, as Ms. Romano's special counsel in connection with her lawsuit in the district court and, in the alternative, if this court denies his application for *post facto* appointment in the district court, appointment, [sic] then he requests *post facto* appointment, pursuant to Section 327(a) as special counsel for proceedings held in the bankruptcy court during the past two years.").) Jones also maintained this position in his Reply. (R. at 199 ("Mr. Jones respectfully requests that this court reject the arguments made by the Trustee, make a *post facto* appointment of Mr. Jones as counsel for purposes of Ms. Romano's lawsuit in the district court and/or the bankruptcy court . . . .").)
[6] Jones's Motion identified §§ "330(a) and/or 503(b)(4) of the Federal Bankruptcy Code" as the basis for his award of administrative expenses and attorney's fees (R. at 106), but the bankruptcy court construed his Motion as a request under §§ 503(b)(2) and 503(b)(1)(A). On appeal, Jones has not mentioned § 503(b)(4) or argued that the bankruptcy court erroneously construed his Motion, except to state that the bankruptcy court failed to consider his request under § 330(a)(1). Manning highlighted that Jones's appellate brief "appears to substitute § 503(b)(1)(A) for 503(b)(4)," which Manning attributes to Jones realizing that "§ 503(b)(4) simply is not applicable to the present case." (Appellee's Second Br. 7, ECF No. 10). Without expressing any opinion on the soundness of Manning's statement, the Court does not

claim for compensation for services rendered, or expenses incurred, by Jones prior to the date of

the Chapter 7 petition has been discharged" (R. at 240), and thus, Jones's Motion only covered

his post-petition services, the bankruptcy court determined Jones was not entitled to any award.

Regarding Jones's request for compensation pursuant to § 503(b)(2), the bankruptcy court relied

upon *Lamie*, 540 U.S. at 538–39, which interpreted § 330(a)(1). In light of *Lamie*, the

bankruptcy court determined that "[a]bsent appointment as counsel for the Trustee in a Chapter 7

case [pursuant to § 327], 11 U.S.C. § 503(b)(2) does not allow compensation for an attorney for

a Chapter 7 debtor under 11 U.S.C. § 330(a)(1)." (R. at 240–41.)

　　　The bankruptcy court's order that denied Jones's Motion also held that 11 U.S.C.

§ 503(b)(1)(A) does not provide an alternative mechanism to recover his post-petition expenses.

The bankruptcy court quoted extensively from *In re Renaissance Residential of Countryside,*

*LLC*, 423 BR 848, 859–61 (Bankr. N.D. Ill. 2010), which summarized several Seventh Circuit

cases for the proposition that the Bankruptcy Code's express provision for employment under

§ 327, payment under § 330, and priority under § 503(b)(2), means that an attorney may not use

§ 503(b)(1)(A) to render that structure nugatory. The bankruptcy court further noted that even if

§ 503(b)(1)(A) was an alternative mechanism, Jones could not rely upon it in this instance

because he sought compensation for expenses incurred to advance Romano's interest, rather than

to benefit the bankruptcy estate.

　　　On appeal, Jones has filed two appellate briefs; one brief attacks the denial of his

Application, and the other brief attacks the denial of his Motion. Both briefs ask this Court to

remand the case to the bankruptcy court. Although the content of Jones's briefs overlaps, Jones

---

consider any claim under § 503(b)(4) because Jones has waived this point. *LaBella Winnetka, Inc. v. Vill.*
*of Winnetka*, 628 F.3d 937, 943 (7th Cir. 2010) (holding that appellant waived the issue on appeal by not
raising it in its opening brief, even though the lower court's decision was based on that point).

frames the issues on appeal differently in each brief. Regarding Jones's Application, the questions raised are whether (1) "the Bankruptcy Court erred by failing to use its equitable powers to appoint, *post facto*, Mr. Jones as special counsel for Debtor's estate, despite Section 327 limitations, for work he performed for Debtor in her district court suit"; and (2) "Mr. Jones' Neglect in Filing His Application for Appointment as Counsel for the Estate was Excusable." (Appellant's First Br. 2, ECF No. 7.) Jones argues that the bankruptcy court erred on the first issue because "despite the language of Section 327(a), a court may, in its exercise of equitable powers, appoint an attorney as counsel to the estate, *post facto*, even where the Trustee has not requested or consented to such appointment." (*Id.* at 10.) Jones characterizes the bankruptcy court's decision as "an overly literal construction" of § 327(a), and advocates for "[a] more liberal, equitable construction" of the statute. (*Id.* at 11.) Adopting this approach, Jones contends that the statute's text, which states "the trustee, with the court's approval, may employ one or more attorneys," § 327(a), permits "the bankruptcy court to employ [an] attorney without the trustee's consent," (Appellant's First Br. 11–12). Jones further argues that, in the event the Court agrees with him on the first issue, *post facto* appointment is permissible because his delay in seeking appointment as counsel for the estate constitutes excusable neglect.

Regarding Jones's Motion, the questions raised are whether (1) the bankruptcy court erroneously relied on *Lamie v. U.S. Trustee* to deny Jones's request for fees and expenses under § 330 because he had not been appointed pursuant to § 327(a), and (2) Jones's failure to obtain prior appointment as counsel barred him from being compensated for fees and expenses under §§ 503(b)(1)(A) and (b)(2). As a preliminary matter, Jones notes that the bankruptcy court only held that he could not be compensated under §§ 503(b)(1)(A) and (b)(2), and it did not explicitly address his claim for fees under § 330(a). Jones next discusses *Lamie*, and asserts this case is not

controlling because *Lamie* considered a request for attorneys' fees under § 330, not expenses. Further, Jones argues that *Lamie* did not intend for § 327 "to require both employment and consent in every case," as that section "merely *allows* the trustee to employ attorneys. It does not, however, preclude the court from appointing an attorney, post facto, especially in circumstances like the instant case where Mr. Jones'[s] work in the district court had been completed when he applied for appointment." (Appellant's Second Br. 12, ECF No. 8.) Jones then cites various Seventh Circuit cases to support his proposition that post facto appointment is a valid practice, and the bankruptcy court's holding "preclude[s] all *post facto* appointments" because "[*p*]*ost facto* appointment assumes, by definition, that the attorney has not obtained prior approval by the bankruptcy court or employment by the trustee." (*Id.* at 13.)

Jones's arguments directed at § 503 largely reiterate his earlier points about § 330. For example, Jones states that if the bankruptcy court had "liberally construed Section 330" and appointed him as counsel for the estate post facto, then compensation under § 503(b)(2) would have been allowed. Similarly, as to a claim under § 503(b)(1)(A), Jones concedes that an attorney who "has not obtained appointment under Section 327 and not met the requirements of section 330" may not seek compensation under § 503(b)(1)(A). However, Jones seizes upon language in *In re Renaissance Residential of Countryside, LLC*, 423 B.R. 848, 859–61 (Bankr. N.D. Ill. 2010), to argue that his *attempt* to comply with §§ 327 and 330, albeit unsuccessfully, permits him to receive compensation under §503(b)(1)(A). Nevertheless, Jones immediately follows this by stating that any compensation under § 503(b)(1)(A) is contingent upon "the bankruptcy court grant[ing] him *post facto* appointment under section 327 and that his neglect in seeking [appointment] was excusable." (Appellant's Second Br. 17.) Finally, Jones cites to *In re Grabill* to argue that § 503 may act as a safety valve to provide an equitable result, and contends

that even though "his work was intended to benefit Ms. Romano, it ultimately benefitted the estate," which would allow his work to fall within the scope of § 503. (Appellant's Second Br. 19.)[7]

The Court provides this extensive summary of the bankruptcy court orders and Jones's briefing to show that it carefully considered Jones's arguments, and noted the bankruptcy court's remarks that Jones's sincere dedication to Romano's interests should be commended and admired. Despite this, Jones's has not convinced this Court that the bankruptcy court erred when it denied his Application and his Motion. Jones's arguments put forth a strained interpretation of § 327(a), which is unsupported by the statute or his cited authority.

## A.      Post Facto Appointment—11 U.S.C. § 327(a)

On appeal, Jones has not addressed the bankruptcy court's decision to construe his Application as seeking appointment as special counsel on behalf of the debtor's bankruptcy estate. The bankruptcy court's order clearly informed Jones that court appointment is not required for him to act as counsel for Romano personally. Further, the bankruptcy court also considered whether Jones's Application was proper under § 327(e), even though Jones only identified § 327(a) as a basis for his appointment. Here, Jones has not presented any argument related to § 327(e) regarding his post facto appointment. Thus, this Court will similarly construe

---

[7] The Court notes that page 19 of Jones's second brief (bearing "15" as a handwritten page number) begins mid-sentence, even though the previous page (bearing "14" as a handwritten page number) concluded with the end of its last paragraph. Given this, it appears that Jones may have omitted one or more pages from his brief when he filed it. Jones has not taken any action to correct his brief or otherwise inform the Court of a problem with this filing.

Jones's Application as seeking appointment to act as special counsel on behalf of the debtor's bankruptcy estate, and it will only consider § 327(a) as a basis for appointment.[8]

Under 11 U.S.C. § 327(a), "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." The corresponding bankruptcy rule reiterates the trustee's role in filing the application for an order of employment and lists the required disclosures. Fed. R. Bankr. P. 2014. The Rule states:

> An order approving the employment of attorneys . . . or other professionals pursuant to § 327 . . . of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

*Id.* "Generally, noncompliance with section 327(a) and Bankruptcy Rule 2014(a) leads to forfeiture of compensation, even if valuable services were furnished to the estate" because a professional rendering services absent court approval is deemed a volunteer. *In re Peoples Sav. Corp.*, 114 B.R. 151, 155 (Bankr. N.D. Ill. 1990). Here, Jones concedes that Manning has not

---

[8] By not challenging the bankruptcy court's decision to construe the Application as seeking to be appointed as special counsel on behalf of the debtor's bankruptcy estate, and by not addressing § 327(e) in his briefs, Jones has waived any argument on these issues. *Landstrom v. Ill. Dep't of Children & Family Servs.*, 892 F.2d 670, 678 (7th Cir. 1990) (holding that appellants waived any claim of error as to the portion of the lower court's ruling that they did not expressly challenge on appeal).

filed an application or requested that Jones be employed pursuant to § 327, as well as that Manning has not consented to Jones's application.

Nevertheless, Jones argues that a court may appoint an attorney as counsel to a bankruptcy estate even without a trustee's request or consent. Although Jones cites several cases to support this proposition, those cases do not state this rule of law. Jones first cites *In re Jarvis*, which observed that § 327(a) "neither expressly sanctions nor expressly forbids the *post facto* authorization of outside professional services," and noted that "Rule 2014(a) does not fill the void." 53 F.3d 416, 419 (1st Cir. 1995). The court then joined several other circuits by holding that bankruptcy courts may grant post facto applications for professional services under § 327(a), provided that the statutory requirements are otherwise met and extraordinary circumstances made the application untimely—not mere inadvertence. *Id.* at 419–20, 422. *Jarvis* did not address the scenario where the trustee did not file or consent to the application under § 327 because there the trustee had retained the professional and filed an application with the bankruptcy court to authorize the professional's employment. *Id.* at 418. The only issue was the timeliness of the trustee's application. *Id.* at 421.

The other cases Jones relies upon are *In re Singson*, *In re Land*, *F/S Airlease II, Inc. v. Simon*, and *In re THC Finanical Corp.*, which are adopted from a string citation in *Jarvis*. *Jarvis*, 53 F.3d at 420. *Singson* is the Seventh Circuit equivalent of *Jarvis*, and the court recognized the validity of post facto appointment after performing a similar statutory analysis, but adopted an "excusable neglect" standard, rather than "extraordinary circumstances." 41 F.3d 316, 319–20 (7th Cir. 1994). Again though, the trustee in *Singson* had requested that the professional be employed as special counsel for the estate. *Id.* at 318; *see also In re Land*, 943 F.2d 1265, 1266–68 (10th Cir. 1991) (affirming denial of Chapter 11 debtors' post facto application to employ

attorney who represented them in a state court action that was property of the bankruptcy estate, and requiring attorney to return compensation he received from a third-party for work in state court, where delay seeking approval under § 327 was due to simple neglect).[9] Further, *Singson* identified the "application" as within the trustee's sphere by stating that "retroactive authorization under § 327(a) and Rule 2014(a) for the provision of professional services" is permissible "when the *trustee* establishes 'excusable neglect.'" *Id.* at 319 (emphasis added).

Even if *F/S Airlease* and *THC Financial* do not explicitly reject the possibility that a professional person may file an application on their own, in both cases the professional who filed the application had been retained by the debtor-in-possession or the trustee. Further, the applications were denied on timeliness grounds without significant analysis regarding the positions of the debtor-in-possession or the trustee. *F/S Airlease*, 844 F.2d at 101, 103 & n.1, 105–08 (stating that although Rule 2014(a) places responsibility upon the trustee or debtor-in-possession to make a timely application, a professional person is not relieved from insuring that an application has in fact been sought, and reversing approval of the untimely application of a non-attorney businessman retained by the debtor-in-possession because he did not show "extraordinary circumstances"); *In re THC Fin. Corp.*, 837 F.2d 389, 390–92 (9th Cir. 1988) (affirming summary judgment against attorney who claimed she was hired by the trustee and filed an application seeking payment for services rendered to the bankruptcy estate, under Rule 215 of the Bankruptcy Act of 1898, which was replaced by 11 U.S.C. § 327, where attorney could not show exceptional circumstances after she waited until after all work was performed to file her application). Here, in addition to Manning not having requested or consented to Jones's

---

[9] Because *Land* was a Chapter 11 bankruptcy, the debtors assumed the role of the trustee under § 327. *Land*, 943 F.2d at 1266 ("Section 327(a) is made applicable to debtors, as debtors-in-possession, 11 U.S.C. § 1101(1), under 11 U.S.C. § 1107(a)."). Therefore, the attorney who belatedly sought court approval acted with the trustee's consent.

approval by the bankruptcy court, Manning did not retain Jones in any capacity to work on behalf of the bankruptcy estate. Contrary to Jones's contention, the bankruptcy court's order denying his Application did not categorically reject a court's power to approve a professional's employment post facto; it merely refused to exercise this discretion (recognized in *Jarvis*, *Singson*, *Land*, *F/S Airlease*, and *THC Financial*) where Manning had not requested or consented to Jones's appointment. In light of Jones's arguments and cited authorities, he has not demonstrated, under either the de novo or abuse of discretion standards, that the bankruptcy court erred by refusing to excuse the absence of Manning's request or consent to his application.[10]

Although Jones faults the bankruptcy court for applying § 327(a) in an "overly literal" manner (Appellant's First Br. 11), a bankruptcy court's status as a court of equity does not permit it to ignore the Bankruptcy Code. "[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 207 (1988); *In re Milwaukee Engraving Co.*, 219 F.3d 635, 637 (7th Cir. 2000) (quoting *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 24–25 (2000)). Consistent with this dictate, "[t]he provisions of the Bankruptcy Code governing employment of professional persons are strictly construed," which includes § 327. *In re*

---

[10] This result is consistent with the various authorities that Manning highlighted for the Court. *E.g.*, *In re Cashen*, 56 F. App'x 714, 717 (7th Cir. 2002) (unpublished order) ("[T]he requirements of Rule 2014 were not met with respect to the future employment. . . . [T]he Chapter 12 trustee or debtor in possession must file an application for employment and the attorney to be employed must file a verified statement. The bankruptcy court noted that no application had been filed by [the debtor in possession] or the trustee. It is true that [the debtor in possession] signed [the attorney's] motion for reconsideration, evidencing his acquiescence in [the attorney's] request, but that is insufficient to comply with Rule 2014(a)."); *see also In re Smith*, 507 F.3d 64, 71 (2d Cir. 2007) ("Under [§ 327(a)], a trustee's choice of special counsel is subject to evaluation and approval of the bankruptcy court. . . . Courts give the trustee . . . deference in choosing special counsel because of the 'highly confidential relationship between the special counsel-attorney and the trustee-client.'" (internal citations omitted) (quoting *Pryor v. Ready & Pontisakos (In re Vouzianas)*, 259 F.3d 103, 108 (2d Cir. 2001))).

*Renaissance Residential of Countryside, LLC*, 423 B.R. 848, 858–59 (Bankr. N.D. Ill. 2010); *see also Levit v. Ingersoll Rand Fin. Corp.*, 874 F.2d 1186, 1197–98 (7th Cir. 1989) ("There is a basic difference between filling a gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted." (quoting *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 625 (1978))). Accepting Jones's argument that the trustee has no say in whether the trustee employs a professional would require this Court to rewrite § 327, and that result is not permissible.

The bankruptcy court ended its discussion at this point because the absence of an application from Manning on Jones's behalf, or Manning's consent to Jones's application, meant that it was unnecessary to determine whether (1) Jones met the remaining elements of § 327, those being that Jones "not hold or represent an interest adverse to the estate" and that Jones is a "disinterested person[]," § 327(a); or (2) Jones had shown the "excusable neglect" required to permit the bankruptcy court to approve the Application, which Jones admits was untimely. *Singson*, 41 F.3d at 319–20. Because the Court agrees with the bankruptcy court that Jones's § 327(a) claim fails because Manning did not request or consent to Jones's employment, it does not reach whether Jones established excusable neglect. Further, even if it was necessary to reach excusable neglect, Jones's briefing does not address the "adverse interest" or "disinterestedness" requirements of § 327(a). *Jarvis*, 53 F.3d at 433 ("The court should grant [a *post facto* application] only if it can be shown that the professional person meets all the requirements of section 327(a) *and* that the untimeliness of the application results from extraordinary circumstances.").

Accordingly, the Court affirms the bankruptcy court's decision to deny Jones's Application.

**B.     Motion for Administrative Expenses and Fees—11 U.S.C. §§ 330, 503**

Jones's arguments that the bankruptcy court erred when applying §§ 330 and 503 are mainly directed at escaping *Lamie* and invoking equitable considerations. However, the cases that interpret the various Bankruptcy Code provisions governing employment of professional persons clarify the relationship between the statutes and foreclose Jones's arguments. Bankruptcy Code § 330, which grants the court the power to award compensation to a "professional person employed under section 327 or 1103," serves as a companion to § 327. *In re Tirado*, 329 B.R. 244, 248 (Bankr. E.D. Wis. 2005) (internal quotation marks omitted) (quoting 11 U.S.C. § 330(a)(1)). In 1994, Congress amended 11 U.S.C. § 330(a). Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, § 224(b), 108 Stat. 4106, 4130 (codified as amended at 11 U.S.C. § 330(a)). Before the amendment, "§ 330 allowed reasonable compensation for actual and necessary services performed by a 'professional person employed under section 327 or 1103 of this title, *or to the debtor's attorney*.'" *In re Weinschneider*, 395 F.3d 401, 403 (7th Cir. 2005). The amendment "dropped the words 'or to the debtor's attorney,'" meaning that attorneys were now "persons who must be employed under § 327 . . . in order to be compensated for their services; whereas before . . . they were exempt from the requirements of § 327. The difference is significant because § 327 authorizes the trustee to employ an attorney 'with the court's approval.'" *Id.*

In *Lamie v. U.S. Trustee*, 540 U.S. 526, 538–39 (2004), the Court succinctly stated:

> [W]e hold that § 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327. If the attorney is to be paid from estate funds under § 330(a)(1) in a Chapter 7 case, he must be employed by the trustee and approved by the court.

This reading of the statute shows "that the revised § 330 means what it says." *Weinschneider*, 395 F.3d at 403; *see also In re Oliver*, 511 B.R. 556, 561–62 (Bankr. W.D. Wis. 2014) (holding

that an attorney could not receive compensation from the estate pursuant to § 330 because the Chapter 7 trustee never sought to hire the attorney pursuant to § 327, whose employment would have also required court approval). Without citing any authority, Jones argues that *Lamie* is not controlling because the Court addressed a claim for fees under § 330(a)(1)(A), rather than a claim for expenses, which is enumerated in § 330(a)(1)(B). The bankruptcy court rejected that argument, and this Court does as well. *Lamie* interpreted § 330(a)(1), which identifies the individuals encompassed by the statute. This language in § 330(a)(1) applies equally to the lists that follow showing that "reasonable compensation for actual, necessary services," § 330(a)(1)(A), and "reimbursement for actual, necessary expenses," § 330(a)(1)(B), may be awarded under the same standard.

The remainder of Jones's arguments directed at § 330 largely restate the points that this Court has already rejected. First, § 327(a) states "the trustee, with the court's approval, may employ," not, as Jones argues, the Court may appoint where the trustee has not employed. The facts of *Lamie* further undermine Jones's view because the Court affirmed the denial of the attorney's application for fees under § 330(a)(1) where the attorney provided "legal services to . . . the debtor, even though he did not have the [Chapter 7] trustee's authorization to do so." [11] *Lamie*, 540 U.S. at 532; *In re Milwaukee Engraving Co.*, 219 F.3d 635, 636–37, 639 (7th Cir. 2000) (denying a request for payment under § 330(a)(1)(A) because the professional was not approved under § 327(a)). Second, Jones accurately notes that *Lamie* does not preclude post facto appointment, as well as that the Seventh Circuit accepted this practice in *Signson*. However, the bankruptcy court's holding did not "preclude all *post facto* appointments."

_____

[11] This was the result even though the attorney been appointed by the debtor-in-possession under § 327, but was terminated during the conversion from a Chapter 11 reorganization to a Chapter 7 liquidation proceeding. *Lamie*, 540 U.S. at 532.

(Appellant's Second Br. 13.) It merely treated §§ 327 and 330 as companion statutes, and having found that § 327 was not satisfied due to lack of trustee employment, denied any award under § 330(a)(1). Further, *Singson* did not analyze § 330(a)(1), but it nevertheless refutes Jones's restrictive characterization of the bankruptcy court's holding because the court recognized that it may have retroactively approved the trustee's request upon a showing of excusable neglect. *Singson*, 41 F.3d at 318–20.

The authorities are equally settled on the disposition of Jones's § 503 arguments. Under 11 U.S.C. § 503(a), "[a]n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." The bankruptcy court construed Jones's Motion as seeking fees and expenses pursuant to § 503(b)(2), and in the alternative, § 503(b)(1)(A). "Section 503(b)(2) permits administrative priority for 'compensation and reimbursement awarded under section 330(a)' to professionals that have received pre-approval by the bankruptcy court under § 327." *Renaissance Residential*, 423 B.R. at 860 (quoting § 503(b)(2)). The express structure created by Congress, which provides for "employment under § 327, payment under § 330, and priority under § 503(b)(2)," *Milwaukee Engraving Co.*, 219 F.3d at 636, means that Jones's failure to be employed by the trustee under § 327 precludes him from being paid under § 330. In turn, priority under § 503(b)(2) is not applicable. The bankruptcy court found that Manning had not employed Jones and denied his application for post facto appointment. Therefore, the bankruptcy court did not err by denying Jones's request for fees and expenses under § 503(b). *Singson*, 41 F.3d at 320 ("Our conclusion that the bankruptcy judge acted within his discretion in denying the application for retroactive approval disposes of any claim under 11 U.S.C. § 503."); *Brill*, 2011 WL 1113548, at *2 (affirming the bankruptcy court's denial of administrative expenses under § 503(b)(2) because

the applicant needed to be employed under § 327(a), and the bankruptcy court's finding that the applicant was not employed under that section was not clearly erroneous).

The bankruptcy court considered whether § 503(b)(1)(A) provided an alternative for Jones, but held that it did not. Section 503(b)(1)(A)(i) reads as follows:

> (b) After notice and hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
>> (1)(A) the actual, necessary costs and expenses of preserving the estate including—
>>
>>> (i) wages, salaries, and commissions for services rendered after the commencement of the case.

The bankruptcy court reached the correct conclusion. "By making express provision for employment under § 327, payment under § 330, and priority under § 503(b)(2), the Code logically forecloses the possibility of treating § 503(b)(1)(A) as authority to pay (and give priority to) claims that do not meet its substantive requirements." *Milwaukee Engraving Co.*, 219 F.3d at 636. *Singson* decided this question because "[o]ne might as well erase § 503(b)(2) from the statute if attorneys may stake their claims under § 503(b)(1)(A) even when ineligible under §§ 327, 330, and 503(b)(2)." *Id.* at 637; *F/S Airlease*, 844 F.2d at 108–09 (rejecting a professional's argument under § 503(b)(1)(A) because accepting it would circumvent § 327(a) and render its associated structure nugatory); *In re Albrecht*, 233 F.3d 1258, 1261 (10th Cir. 2000) (adopting the rationale stated in *Milwaukee Engraving*).

Jones's efforts to evade this line of cases is unpersuasive. Jones accurately quotes *Renaissance Residential*, which stated that "[t]he majority of appellate decisions . . . have found that a professional *may not avoid* the requirements of §§ 327 and 330 by seeking administrative expense allowance for fees under § 503(b)(1)(A)," 423 B.R. at 860 (emphasis added), but contrary to Jones's contention, the Court does not discern that one bankruptcy court's use of the

word "avoid" permits a professional who tried (and failed) under § 327 to find refuge in § 503(b)(1)(A). In fact, the authorities discussed by this Court in the previous paragraph are the same that *Renaissance Residential* summarized, 423 B.R. at 860, and they unambiguously describe §§ 327, 330, and 503(b)(2) as mutually exclusive of § 503(b)(1)(A), without drawing any distinction about an applicant's failed attempt to comply. Further, other language from *Renaissance Residential* undermines Jones's argument, as the bankruptcy court focused on the applicant lacking "approval of employment under §327(a)." 423 B.R. at 860. At one point, the Seventh Circuit entertained the idea that § 503(b)(1)(A) may be used when a professional did not comply with § 330's regime, *In re Grabill Corp.*, 983 F.2d 773, 777 (7th Cir. 1993), but this dictum was rejected in subsequent cases, *Milwaukee Engraving*, 219 F.3d at 637–39 (explaining, at length, the error of relying upon the dictum in *Grabill* after *Singson* definitively rejected this route). The Court declines to accept an argument that is barred by binding precedent.

## CONCLUSION

For the foregoing reasons, the Court AFFIRMS the bankruptcy court's decision to deny Jones's (1) Application for *Post Facto* Appointment of Stuart Jones as Special Counsel for Debtor Rose Romano and (2) Motion for Award of Administrative Fees/Expenses Incurred by Counsel During Representation of Debtor in her Discrimination Suit in District Court, and in Subsequent Related Bankruptcy Proceedings.

SO ORDERED on September 14, 2016.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION